IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              :
    DAESHAWN HARRIS              :
                                 :   CIVIL ACTION NO. 21-CV-3571

MEMORANDUM

**PRATTER, J.**                                    MARCH 14, 2022

    Plaintiff Daeshawn Harris, who is currently incarcerated at George W. Hill Correctional Facility,[1] brings this *pro se* civil action, alleging that his constitutional rights have been violated. Mr. Harris seeks to proceed *in forma pauperis* in this case. For the following reasons, the Court will grant Mr. Harris leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure. Mr. Harris will be granted leave to file an amended complaint.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

    On August 4, 2021, Mr. Harris initiated this civil action by filing a one-page letter written on an inmate grievance form. (ECF No. 1.) The Clerk's Office, treated this filing as a federal civil rights Complaint brought pursuant to 42 U.S.C. § 1983 and opened a civil action. The allegations in the Complaint are quite brief. Mr. Harris alleges that he "was discriminated against single out to be put in a dangerous situation while a patient . . . at Norristown State Hospital by another patient who made known to staff" that he would harm anyone who was put in a room with him. (*Id.*) Mr. Harris states that these events violated the First, Fourth, Fifth, and

---

[1] At the time of the filing of his initial pleading, Mr. Harris was housed at Norristown State Hospital. (*See* ECF No. 1.) It appears from his more recent submissions to the Court that he has been transferred among various institutions and is currently confined at George W. Hill Correctional Facility. (*See* ECF No. 8.)

Sixth Amendments to the United States Constitution. (*Id.*) The Complaint contains no caption and does not name any defendants. (*See id.*)

Because Mr. Harris failed to pay the fees necessary to commence a civil action in this Court, or file an application to proceed *in forma pauperis* along with a certified copy of his prisoner account statement, Mr. Harris was directed to do so by Order dated September 8, 2021. (ECF No. 3.) Mr. Harris was also advised that his initial letter Complaint does not comply with the Federal Rules of Civil Procedure. (*Id.*) The Clerk of Court was directed to provide Mr. Harris with a blank copy of the Court's form application to proceed *in forma pauperis*, as well as a copy of the Court's form complaint for a prisoner filing a civil rights action. (*Id.*)

Although he filed a Motion to Proceed *In Forma Pauperis* on September 16, 2021, (*see* ECF No. 4),[2] Mr. Harris failed to file a certified copy of his institutional account statement. By Order entered November 3, 2021, Mr. Harris was given additional time to either file the required institutional account statement, or in the alternative, to submit the necessary filing fees. (ECF No. 5.) The Clerk of Court again was directed to provide Mr. Harris with a blank copy of the Court's form complaint for a prisoner filing a civil rights action. (*Id.*)

In response, Mr. Harris filed a Motion for Appointment of Counsel that was entered on the docket on December 7, 2021. (ECF No. 6.) Therein, Mr. Harris asserted that he continued to be discriminated against and "singled out" on account of his race in violation of the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution. (*Id.*) This motion includes a caption listing Norristown State Hospital, Frank M., S. Miller, M. Hicken, and J. West as defendants. (*Id.*)

---

[2] On the form application to proceed *in forma pauperis*, Mr. Harris listed John West, Martischa Hickman, Steve Miller, and Norristown State Hospital as defendants in the caption. (*See* ECF No. 4 at 1.)

2

Because Mr. Harris failed to comply fully with the Court's Orders entered on September 8, 2021 and November 3, 2021 directing him to file a certified copy of his institutional account statement as required by 28 U.S.C. § 1915(a)(2), Mr. Harris was provided with one final opportunity to do so by Order dated December 14, 2021. (*See* ECF No 7.) Additionally, Mr. Harris was again advised that his initial letter Complaint does not comply with the Federal Rules of Civil Procedure and the Clerk of Court was directed to provide Mr. Harris with yet another blank copy of the Court's form complaint for a prisoner filing a civil rights action. (*See id.* at 2-3.) The Court noted that while the Motion to Proceed *In Forma Pauperis* and the Motion for Appointment of Counsel each list various defendants, neither of these documents is the operative pleading in this case. (*Id.* at 3.)

Although Mr. Harris filed a copy of his institutional account statement, he did not file an amended Complaint. (*See* ECF No. 8.) Instead, Mr. Harris submitted along with the institutional account statement another letter written on an inmate grievance form, which reiterates that his constitutional rights have been violated. (*Id.* at 1.)

## II. STANDARD OF REVIEW

Because Mr. Harris appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[3] Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. Because Mr. Harris is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d

---

[3] However, because Mr. Harris is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). Moreover, an unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

## III. DISCUSSION

Because Mr. Harris did not file a proper complaint in this case, the Court cannot conduct a screening at this time. Mr. Harris's Complaint fails to comply with the requirements of the Federal Rules of Civil Procedure. Rule 3 states that "[a] civil action is commenced by filing a complaint with the court." Pursuant to Rule 8, such complaint must contain a short and plain statement showing that the plaintiff is entitled to relief, a statement of the grounds for the Court's jurisdiction, and a demand for relief. *See* Fed. R. Civ. P. 8. "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "This standard operates in tandem with that of Rule 10," which requires that a complaint contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10). A complaint that does not comply with these rules by failing to identify discrete defendants and actions taken by those defendants regarding the plaintiff's claims may be dismissed. *Garrett*, 938 F.3d at 93-94 (court may dismiss for failure to comply with Rule 8); *Fabian*, 2017 WL 3494219, at *3 (court has discretion to dismiss for failure to comply with Rule 10).

Additionally, although Rule 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett*, 938 F.3d at 82. "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe pro se pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*); *see also Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.") (internal quotations omitted). Thus, a plaintiff proceeding in federal court must present all allegations in a single pleading that clearly identifies the defendants, states the basis for his claims, and states the relief he seeks from the Court.

Having reviewed Mr. Harris's Complaint in its entirety, the Court cannot discern what the factual or legal bases for his claims are, or what relief he seeks from the Court. The Complaint does not set forth facts or claims in numbered paragraphs. It does not contain a short and plain statement of facts showing that he is entitled to relief. Although Mr. Harris listed various defendants in the caption of his Motion to Proceed *In Forma Pauperis* and Motion for Appointment of Counsel, Mr. Harris's Complaint, which is the operative pleading in this case, does not contain a caption and does not identify any defendants. In short, the Complaint does not satisfy the Federal Rules of Civil Procedure and must be dismissed.[4]

---

[4] The Court notes that Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of*

5

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Harris leave to proceed *in forma pauperis*, and dismiss his Complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure. Mr. Harris will again permitted the opportunity to file an amended complaint to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). An appropriate order follows, which contains additional instructions as to amendment.

BY THE COURT:

*[signature]*

GENE E.K. PRATTER, J.

---

*New York*, Civ. A. No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)). Mr. Harris has signed several of his submissions "All rights reserved" rather than providing a signature. Mr. Harris is directed to submit any future filings with the Court with a handwritten signature, i.e., in his name with his signature.